**NOT FOR PUBLICATION**

MAR 28 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTER RAMALES DE RUEDA, | No. 06-74998 |
| Petitioner, | |
| v. | Agency No. A079-801-001 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2011[**]
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

Esther Ramales De Rueda ("Rueda"), a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") order affirming her

removability for alien smuggling under 8 U.S.C. § 1182(a)(6)(E)(i). We have

jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA erred as a matter of law in concluding that the Immigration Judge ("IJ") properly denied Rueda a brief continuance, when the record makes clear that the sole reason for doing so was that she "could take an appeal, you know."[1] Although the decision to grant or deny a continuance is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse[,]" *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008), this discretion has its limits. Relevant factors include: "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009).

Here, the evidence excluded was "undeniably important." *Id.* at 1013 (internal quotation marks omitted). Rueda sought the continuance to develop the evidence relating to Rueda's nominal role in the alleged smuggling scheme and to ask the Department of Homeland Security to reconsider its prosecution of Rueda's case. The smuggling scheme itself was the basis for the IJ's peremptory order of removal; further evidence may have demonstrated that Rueda was not, in fact,

---

[1] The IJ continued "Everybody takes an appeal. When I came in in the morning, I say good morning Ms. Trial Attorney and she says, I reserve my right of appeal, Your Honor." Perhaps this would not be the state of affairs if the IJ permitted development of the record before ordering removal, or took the time to consider factors relevant to the grant or denial of a continuance.

removable as charged.[2] As it stands, there was no evidence in the record whatsoever relating to Rueda's alleged participation.

As to the second factor, there is no evidence that Rueda's counsel acted unreasonably in requesting this continuance. Rueda's counsel did not intentionally delay in requesting a continuance; the government did not issue its decision indicating that it intended to pursue removal until the day before Rueda's hearing before the IJ. The government did not oppose the motion; nor did the IJ indicate the court would be inconvenienced in any way by granting one. *See, e.g. id.* ("There would have been no inconvenience to the government . . . . Indeed, the government did not oppose [the] request. Nor does the record reflect any specific inconvenience to the administrative court . . . ."). Rueda had not requested any previous continuances, and her counsel was "surprised" when his request for prosecutorial discretion was denied in light of the recent grant of a similar request. Thus, all four of the relevant factors favored the grant of a continuance.

The IJ failed to provide any reasoned basis for his denial of Rueda's request (other than a seeming exasperation with appeals). The only reason the IJ stated

---

[2] We disagree with the dissent that the record establishes that Rueda's attorney conceded her removability as charged. Moreover, the record reflects that Rueda's counsel raised a question as to the extent of Rueda's participation in the smuggling incident when asking the IJ to grant a brief continuance, stating that her "role was pretty nominal in the incident itself."

was Rueda's right to appeal and simultaneously request prosecutorial discretion. However, Rueda would not have needed to appeal the IJ's decision if she had been granted a brief continuance to develop the evidence to support reconsideration. Thus, as in *Ahmed*, the IJ abused his discretion by "failing to take into account any of the facts and circumstances of [Rueda's] case that were relevant to the grant or denial of a continuance." *Id.* at 1014.

The BIA subsequently erred by affirming the denial of the continuance without considering any of the relevant factors, or even noting the IJ's failure to consider them.[3]

Petition **GRANTED and REMANDED.**

---

[3] Because we grant the petition for review with respect to this claim, we do not address Rueda's remaining claims as to (1) whether her removability was properly established, and (2) whether she was eligible for cancellation of removal.

*Ramales De Rueda v. Holder*, No. 06-74998

BEA, Circuit Judge, dissenting:

I disagree with the majority that the Immigration Judge ("IJ") abused his discretion when he denied Ramales De Rueda's ("Rueda") motion for a continuance. "The decision to grant or deny the continuance is within the sound discretion of the judge and will not be overturned except on a showing of clear abuse." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). I would hold the IJ did not clearly abuse his discretion in this case.

In reaching the conclusion that the IJ abused his discretion in denying Rueda's motion for a continuance, the majority misconstrues the record. The majority contends Rueda sought the continuance to develop the evidence to show that Rueda was not removable under the alien smuggling statute, 8 U.S.C. § 1182(a)(6)(E)(i). However, Rueda's counsel requested a continuance for the sole purpose of giving Rueda another chance to ask the Department of Homeland Security ("DHS") to exercise its unlimited discretion not to prosecute.[1] In fact, when she made this request, Rueda had already twice conceded her removability as an alien smuggler and her ineligibility for cancellation of removal relief.

_____

[1] Rueda had made a previous request that the DHS exercise its prosecutorial discretion in her case and not prosecute Reuda, which the DHS declined.

1

After these concessions, the IJ asked Rueda's attorney if he had any suggestions for the IJ. Counsel replied that he needed a short continuance to ask the DHS to reconsider its previous denial for prosecutorial discretion. At the close of the hearing, Rueda's counsel once again stated that he is requesting a continuance to "revive the argument before the Service." At no point did counsel assert, as the majority concludes, that he needed more time to develop the evidence relating to Rueda's nominal role in the alleged smuggling scheme.[2]

Furthermore, the DHS had already denied Rueda's earlier request for prosecutorial discretion. In light of these facts, I would hold the IJ did not abuse his discretion in denying a continuance because Rueda did not demonstrate good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for continuance for good cause shown). Rueda failed to establish good cause for her continuance request because a continuance was not required to accomplish her objective. She could continue to seek DHS's exercise of prosecutorial discretion while her appeal before the BIA was pending.

Because I would conclude the IJ did not abuse his discretion when he denied

---

[2] Although Rueda's counsel did state Rueda's role in the smuggling incident was "pretty nominal" when he asked for a continuance, he never contended that Rueda was not removable as an alien smuggler and, in fact, made this statement after already conceding Rueda's removability.

2

Rueda's motion for a continuance, I would deny the petition for review.  I therefore respectfully dissent.